## Buckwalter's Estate

94

*Lewis Tanner Moore,* for exceptant.
*Fell & Spalding,* contra.

LADNER, J., September 24, 1937.—The earnest argument of counsel for exceptant has left a majority of the court unconvinced that the auditing judge erred in his disposition of the claim by exceptant for a pro rata share of the income in addition to the $15 a week payments specifically directed to be paid him out of principal from testatrix's death to settlement of her estate.

The facts here distinguish the case from Band's Estate, supra, and Jackson's Estate, supra. To what the learned auditing judge said we merely add that the bequest to the executor in trust of the $20,000 in securities at their then market value can only mean at the time the specific securities are awarded or set aside for the trust, viz., upon the approval of the schedule of distribu-

tion. Since the trustee is only authorized to pay the income therefrom, i. e., from the securities thus set aside, it follows it cannot be paid from any other unidentified part of the estate. It was evidently with this in mind that testatrix directed the payment of $15 per week from immediately after her death until the "judicial settlement of her estate", to be charged against the principal, that is, her whole estate.

We agree, therefore, with the auditing judge's statement that testatrix did not intend a double benefit during this period, but that the two provisions should take place in succession.

The exceptions are dismissed and the adjudication is confirmed absolutely.

STEARNE, J., dissenting. — The Superior Court in Band's Estate, supra, and the Supreme Court in Jackson's Estate, supra, decided this question exactly contrary to the decision of the majority in the instant case. The precise question arose in this court in Steubner's Estate, supra, wherein we decided the question as the majority now rules, in a learned opinion by the late Judge Gest. However, upon the decision in Band's Estate this court, in an opinion by Judge Gest, reversed its former decision. Said Judge Gest:

"We have carefully read this opinion [Band's Estate] in connection with the facts of the case and are unable to discover any substantial distinction between it and the present case. The Superior Court appears to have arrived at the contrary opinion of the law, and we are, therefore, compelled to follow it, especially as the paper books in Band's Estate contain everything that can profitably be urged on the other side."

I have carefully reread the paper books in Band's Estate, referred to by Judge Gest. It seems unquestioned that prior to the Fiduciaries Act of June 7, 1917, P. L. 447, income on trust legacies was allowed. Appellants argued that section 21 of this act changed the existing law. The lower court and the Superior Court, contrary

to the views of this court, decided that the existing law was not changed. The Supreme Court in Jackson's Estate adopted the view of Band's Estate. I am therefore of opinion that we are bound by these decisions.

However, if the will reveals a contrary intent, the intention of testator must govern. The majority are of opinion that, because testatrix gave exceptant an additional legacy of $15 a week commencing immediately after her death and continuing until the settlement of her estate, this revealed a contrary intent against exceptant's receiving income on his trust legacy.

I am unable to share this view. This additional legacy, as it appears to me, has little, if any, more significance than the previous legacy to exceptant of testatrix's automobile.

As I understand the reasoning of the majority: By extrinsic evidence it appeared that exceptant, testatrix's chauffeur, was receiving wages at the rate of $30 per week; that the income on $20,000 would be approximately $15 per week; that it was apparent, therefore, in the view of the majority, that testatrix intended exceptant to receive $15 a week for life—$15 a week out of the principal of the estate from the time of her death until its settlement and the income on the trust legacy thereafter until his death. In the language of the auditing judge and the opinion writer "testatrix did not intend a double benefit during [the settlement of the estate] but . . . the two provisions should take place in succession".

With this I am unable to agree. True, this may have been testatrix's actual intent, but the test is not what a testator may have meant, but what is the meaning of his words: Meetkirk's Estate, 118 Pa. Superior Ct. 562; Ludwick's Estate, 269 Pa. 365. Certainly testatrix made three testamentary provisions for exceptant: (1) Income on a trust fund, (2) payments of principal for a term, (3) a legacy of an automobile. There is nothing in the language of the will itself to reveal that these provisions are interrelated. If we should speculate as to a supposed

intent, it is quite as reasonable to suppose that testatrix intended exceptant to receive the equivalent of his wages until her estate was settled, and thereafter one half for life, as it is to suppose that she intended him merely to receive one half of his wages for life commencing immediately upon her decease. But I would not speculate with supposed intent. I would follow the Superior and Supreme Courts and award exceptant exactly what the will gives him and what the appellate courts say he should receive.